Cameron Cardona

935 La Posada Dr #243

Austin, TX, 78752

Plaintiff Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAMERON CARDONA,

      Plaintiff,

  v.

KAISER FOUNDATION HEALTH PLAN, INC.,
ET AL.,

      Defendants.

No. 3:26-cvc-00018-TLT

**PLAINTIFF'S OPPOSITION TO DEFENDANT SIEU-UHW'S MOTION TO DISMISS**

Date: Tuesday, August 25, 2026 Time: 2:00 p.m. Dept.: Courtroom 9, 19th floor Judge: Hon. Trina L. Thompson

Demand for Jury Trial

## I.  **OPPOSITION**

Defendant Union's motion inappropriately reduces Plaintiff's Complaint to a mere disagreement over a denied reduction in hours. In fact, the Complaint alleges a pattern of conduct—starting with the mishandling of the reduction in hours request and ending with the Union's much later and sudden abandonment of Plaintiff's 3-day unpaid suspension grievance—supporting an inference of arbitrary handling. See Statement of Facts. Indeed, Under *Vaca v. Sipes,* 386 U.S. 171, 190 (1967), the Union is afforded a wide range of reasonableness with

1

PLAINTIFF'S OPPOSITION THE SEIU-UHW'S MOTION TO DISMISS
Case No. 3:26-cv-00018-TLT

respect to representational duties. However, conduct that is arbitrary, discriminatory, or in bad faith falls outside this reasonableness. Under *Robesky v. Qantas Empire Airways*, 573 F.2d 1082, 1090 (9th Cir. 1978), a union's failure to communicate important grievance information can support an inference of arbitrary conduct. Accepting such factual allegations as true, the Complaint plausibly supports an inference of arbitrary and perfunctory grievance handling, see *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). Thus, this case is about arbitrary and perfunctory grievance handling, rather than a mere disagreement about Defendant Union's judgement.

Regarding timeliness, Defendant ignores the context of the Union's arbitration assurances and the NLRB's deferral of the grievance. Plaintiff's June 5, 2023 amendment request demonstrates Plaintiff reasonably believed the grievance remained active. Notably, on May 29, 2025, the NLRB informed Plaintiff that the Union had dropped the grievance without notice and had failed to provide information. While this letter indicated the grievance had been abandoned, it also confirmed the Union's failure to communicate—a key factor complicating when Plaintiff should have known of the breach, given the Unions previous arbitration assurance. Under *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986), when the accrual date is subject to competing inferences, such disputes cannot be resolved on a motion to dismiss. Thus, these conflicting factual circumstances make dismissal inappropriate at this stage.

Regarding Defendant's allegation that the Complaint contains insufficient factual allegations, Plaintiff does not rely on conclusory labels. Rather, the Complaint relies on specific factual allegations—including but not limited to the Union's approval of arbitration, its assurances that Plaintiff would be contacted for scheduling, its subsequent failure to respond, and the NLRB's finding of merit to Plaintiff's allegations—that plausibly support an inference of

2

**PLAINTIFF'S OPPOSITION THE SEIU-UHW'S MOTION TO DISMISS**
Case No. 3:26-cv-00018-TLT

arbitrary handling. See *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Ultimately, Plaintiff's claim rests on specific factual allegations, not mere disagreement with the Union's judgment, therefore satisfying the pleading standard set forth in Twombly and Iqbal.

Finally, the Union argues no CBA violation was alleged. However, Exhibit I of the Complaint states including but not limited to Article XXI, which includes just cause provisions. Plaintiff has plausibly alleged a contractual dispute by invoking that grievance and its just-cause clause. At this stage, Plaintiff need not prove the CBA breach—only plausibly allege one.

In sum, Plaintiff has adequately alleged both a plausible breach of the duty of fair representation and a plausible underlying CBA dispute. Accordingly, Defendants Union's motion to dismiss should be denied.

**PLAINTIFF'S OPPOSITION THE SEIU-UHW'S MOTION TO DISMISS**
Case No. 3:26-cv-00018-TLT