Cameron Cardona

935 La Posada Dr #243

Austin, TX, 78752

Plaintiff Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON CARDONA, | No. 3:26-cvc-00018-TLT |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT KIASER'S MOTION TO DISMISS** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, INC., ET AL., | Date: Tuesday, August 25, 2026 Time: 2:00 p.m. Dept.: Courtroom 9, 19th floor Judge: Hon. Trina L. Thompson |
| Defendants. | Demand for Jury Trial |

## I.    OPPOSITION

Defendant Kaiser's Motion to Dismiss depends almost entirely upon the premise that Plaintiff cannot establish a viable claim for breach of duty of fair representation against Defendant Union. However, because Plaintiff has plausibly alleged a breach of the duty of fair representation and because factual disputes remain concerning the accrual of Plaintiff's claims, Defendant Kaiser has failed to establish dismissal is appropriate at the pleading stage.

1

First, Defendant Kaiser's statute of limitations argument improperly assumes that Plaintiff knew or should have known years before filing a suit that the Union had abandoned its representation. However, Plaintiff's Complaint alleges that the Union approved arbitration, informed Plaintiff that the grievance would proceed to arbitration, and represented that Plaintiff would be contacted regarding scheduling. Plaintiff further alleges that he continued to pursue the grievance, including requesting amendments to the grievance on June 5, 2023. These allegations support a reasonable inference that Plaintiff believed the grievance remained active.

Moreover, the Complaint alleges that the NLRB deferred the grievance and that Plaintiff later learned the grievance had been withdrawn through NLRB communications. These facts complicate the determination of when Plaintiff knew or reasonably should have known that the grievance had been abandoned, especially when given arbitration assurances from Defendant Union. Under *Galindo v. Stoody Co*., 793 F.2d 1502, 1509 (9th Cir. 1986), accrual occurs when an employee knew or should have known of the alleged breach, and when competing inferences exist regarding that date, dismissal at the pleading stage is inappropriate. Accepting Plaintiff's allegations as true, Defendant Kaiser has not established that Plaintiff's claims are time-barred as a matter of law.

Second, Defendant Kaiser argues that Plaintiff has failed to adequately plead a breach of the duty of fair representation. This argument mischaracterizes the Complaint. Plaintiff does not merely allege disagreement with the Union's interpretation of the Collective Bargaining Agreement ("CBA"). Rather, Plaintiff alleges a pattern of conduct that includes the Union's refusal to pursue Plaintiff's reduction-in-hours grievance, its approval of arbitration regarding the suspension grievance, its assurances that arbitration would proceed, its failure to respond to

**PLAINTIFF'S OPPOSITION TO DEFENDANT KAISER'S MOTION TO DISMISS**
Case No. 3:26-cv-00018-TLT

Plaintiff's subsequent requests concerning the grievance, and its eventual abandonment of the grievance without notice.

A union breaches its duty of fair representation when its conduct is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). While unions are afforded substantial discretion in performing representational duties, conduct that falls outside the wide range of reasonableness recognized by federal labor law may constitute a breach. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). Additionally, the Ninth Circuit has recognized that a union's failure to communicate important grievance information may support an inference of arbitrary conduct. *Robesky v. Qantas Empire Airways*, 573 F.2d 1082, 1090 (9th Cir. 1978).

Contrary to Defendant Kaiser's characterization, Plaintiff's Complaint does not rely on conclusory allegations. The Complaint alleges specific facts from which the Court may reasonably infer arbitrary and perfunctory grievance handling. At the pleading stage, Plaintiff is not required to prove that the Union acted arbitrarily. Plaintiff need only allege sufficient factual matter to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has done so.

Third, Defendant Kaiser incorrectly argues that Plaintiff has failed to allege an underlying breach of the CBA. Plaintiff's Complaint incorporates Exhibit I, the grievance filed concerning Plaintiff's three-day unpaid suspension. That grievance expressly identifies Article XXI (Discipline and Discharge) and other applicable provisions of the CBA. Article XXI contains the Agreement's just-cause requirement governing disciplinary action. Accordingly, the Complaint plausibly alleges that the suspension violated the CBA.

**PLAINTIFF'S OPPOSITION TO DEFENDANT KAISER'S MOTION TO DISMISS**
Case No. 3:26-cv-00018-TLT

Furthermore, Plaintiff's Complaint identifies contractual provisions that Plaintiff contends entitled him to pursue a grievance regarding the denial of his request for a permanent reduction in hours. Whether Defendant Kaiser's interpretation of those provisions ultimately prevails is a merits question not appropriately resolved on a Rule 12(b)(6) motion. At this stage, Plaintiff need only plausibly allege a contractual violation, not prove one. *Twombly*, 550 U.S. at 570.

Finally, Defendant Kaiser's request for dismissal with prejudice should be denied. Leave to amend should be freely granted, particularly where Plaintiff proceeds pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). To the extent the Court determines additional factual allegations are necessary regarding the grievance process, the NLRB proceedings, or the timing of Plaintiff's discovery of the Union's abandonment, amendment would not be futile.

Accordingly, Defendant Kaiser Foundation Health Plan's Motion to Dismiss should be denied in its entirety.

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT KAISER'S MOTION TO DISMISS**
Case No. 3:26-cv-00018-TLT