Your Name: Cameron Cardon

Address: 935 La Posada Dr

Austin, TX, 78752 #243

Phone: (925) 759-6188

Email: Cameron.r.cardona@gmail.com

Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Division [check one]: ☒ San Francisco    ☐ Oakland    ☐ San Jose    ☐ Eureka-McKinleyville

Cameron Cardona

Plaintiff,

v.

Kaiser Foundation Health Plan, Inc.

et al.

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: 3:26-cv-00018-TLT

[Check box for party submitting statement]:

☒ **Plaintiff's**          ☐ **Defendant's**

## CASE MANAGEMENT STATEMENT

DATE: June 25, 2026

TIME: 2PM

JUDGE: Hon. Judge Trina L. Thompson

[See the Instructions for more detailed information about how to complete this template.]

CMC STATEMENT
CASE NO.: 3:26-cv-00018-TLT                    PAGE 1 OF 14                    JDC TEMPLATE, UPDATED 11/2024

## 1. JURISDICTION & SERVICE

(a) This Court has subject matter jurisdiction in this case under:
[Mark the option that applies to your case.]

☑ Federal question jurisdiction because it is about federal laws or rights. [List the laws or rights involved] Section 301 of the Labor Management Relations Act (29 U.S.C. § 185), and the duty of fair reprensation under federal labor law.

☐ Diversity jurisdiction because none of the Plaintiffs live in the same state as any of the Defendants AND the amount of damages is more than $75,000.

(b) Service ☑ has ☐ has not been completed, as follows:
[Complete the table to show when each defendant was served with the Complaint and whether any defendant will argue that this Court is not the correct one to decide this case.]

| Defendant's Name | Date Served or Expected to Serve | Does Defendant dispute that the Court has personal jurisdiction? | | Does Defendant dispute that this is the correct venue? | |
|---|---|---|---|---|---|
| Kaiser Foundation Health Plan, Inc | January 2026 | ☐ Yes | ☒ No | ☐ Yes | ☒ No |
| SEIU-UHW | January 2026 | ☐ Yes | ☒ No | ☐ Yes | ☒ No |

☐ Check the box if there are more defendants and provide the above information for each defendant on an additional page at the end of this document.

## 2. FACTS
Give a short description of the important facts in this case including facts that you and the other side disagree about. Add an additional page if needed.

See attached.

### 3. LEGAL ISSUES
Briefly explain the laws the Plaintiff says the Defendant violated.

See attached.

### 4. MOTIONS
Complete the table to list any motions that have been filed or might be filed.

| Party filing motion | Type of Motion | Date of Ruling (or "pending" or "to be filed") |
|---|---|---|
| See attached. | | |
| | | |

☐ Check the box if there are more motions and add a page at the end with additional information.

### 5. AMENDMENT OF PLEADINGS
Mark one option to tell the Court whether you plan to change your claims or defenses.

- The submitting party [name] Cameron Cardona _____

☑ does not plan to amend the Complaint.     ☐ plans to amend the Complaint by _____

☐ does not plan to amend the Answer.     ☐ plans to amend the Answer by _____

☐ Check the box if you need to list more parties and then provide the above information for each party on an additional page at the end of this document.

### 6. EVIDENCE PRESERVATION
Parties to a lawsuit must make sure that they are protecting and not destroying evidence that might be used in the case. Check the correct box or boxes.

- The submitting party [name] Cameron Cardona _____ has

CMC STATEMENT
CASE NO.: 3:26-cv-00018-TLT          PAGE 3 OF 14          JDC TEMPLATE, UPDATED 11/2024

[x] reviewed the Guidelines for the Discovery of Electronically Stored Information [See https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/]

[ ] spoken with the opposing parties about preserving evidence relevant to the issues one could reasonably understand to be part of this case [See Checklist for Rule 26(f) Meet and Confer at: https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/]

[x] plans to do the above by [date] ___June 25, 2026___

[ ] Check the box if you need to list more parties and then provide the above information for each party on an additional page at the end of this document.

## 7. DISCLOSURES

Initial Disclosures are lists of information that the parties must send each other at the beginning of a case. Check the box that applies and then fill in the agreed date if needed.

[x] Parties have sent each other Initial Disclosures.

[ ] Parties have **not** yet sent each other Initial Disclosures, but agree to exchange them by [date] _____

## 8. DISCOVERY

Give a short description of what you plan to investigate during discovery and if there are currently any discovery issues. Give a brief report about any agreements (stipulations) the parties have made about electronic discovery.

See attached.

_____
_____
_____
_____
_____
_____
_____
_____

## 9. CLASS ACTIONS

Not applicable.

//

//

## 10. RELATED CASES

Check the correct box to explain whether you are aware of any cases related to this one. If you check the second box, list the case number and the court, government agency, or other administrative body that will decide that case.

The party submitting this statement

[x] is <u>not</u> aware of any related cases.

[ ] is aware of related cases [list cases]: _____

_____

## 11. RELIEF

State what the Plaintiff wants from the Defendant, or wants the Court to do, including any amount of money sought and how that amount was calculated. If a Defendant filed a counter or crossclaim, state the same information for the Defendant. Insert a page if needed.

See attached.

_____

_____

_____

_____

_____

_____

_____

## 12. SETTLEMENT AND ADR

Check at least one box in each column. Suggest a date for a settlement conference. If you need information to help you decide how to resolve the case, explain what that information is. The parties are to have complied with ADR Local Rule 3-5.

The parties:

[ ] have tried to settle the case.

[x] have not tried to settle the case.

Form of Alternative Dispute Resolution ("ADR"):

[x] Settlement conference with a magistrate judge

[x] Mediation

[ ] Other _____

Suggested deadline: _120 days following the Court's ruling on the pending motions to dismiss.__

Information needed (such as key discovery or motions):

_____

See attached.

_____

## 13. OTHER REFERENCES

In unusual cases, the judge may refer a case to another decision-maker. If this is one of those cases, cross out "Not Applicable," and write in who should hear this case.

Not applicable.

## 14. NARROWING OF ISSUES

Use this section to explain if issues in this case could be resolved by agreement or by written papers submitted by the parties ("motion"). Check the box that applies and then explain.

☐ Not applicable.

☒ Issues that can be resolved by agreement: _____See attached._____

_____

☒ Issues that can be resolved by motion: _____See attached._____

_____

☒ Consequential issues and plan for quick resolution: ___See attached.___

_____

_____

_____

_____

_____

_____

_____

## 15.    SCHEDULING

The Court usually sets the case deadlines. If you want to propose a schedule for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and/or trial, you can do so below. Be sure you will be in town and able to meet any deadlines proposed.

☒ Agree to have the Court set deadlines.

☐ Proposed deadlines:

_____

_____

_____

_____

CMC STATEMENT
CASE NO.: 3:26-cv-00018-TLT          PAGE 6 OF 14          JDC TEMPLATE, UPDATED 11/2024

## 16.    TRIAL

Check the box that applies and estimate how long the trial will last.

[x]    This case will be tried by a jury.  The trial is expected to last __3-5__ days.

[ ]    This case will be tried by a judge.  The trial is expected to last ____ days.

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

This Section tells the Court if anyone who is not named as a party in the case will be affected by the outcome. Usually, if you are representing yourself, the answer is "None." If there is an "interested party," cross out "None" and write in their names.

None.

## 18. PROFESSIONAL CONDUCT

Not applicable as the submitting party is self-represented and proceeding *pro se*.

## 19. OTHER

Use this section to discuss other issues that would assist with the just, speedy, and inexpensive resolution of this case.

See attached.

NOTE: This document should not be longer than 10 pages, including any pages you add at the end. Each party submitting this statement must sign and date below.

Date:    June 18, 2026        Sign Name: _____

Print Name: _Cameron Cardona_

Pro Se

//

//

//

CMC STATEMENT
CASE NO.:    3:26-cv-00018-TLT            PAGE _7_ OF _14_            JDC TEMPLATE, UPDATED 11/2024

## 2. FACTS

Plaintiff was employed by Defendant Kaiser Foundation Health Plan, Inc. from 2016 until 2022 and was represented by Defendant SEIU-UHW pursuant to a collective bargaining agreement ("CBA"). In 2020, Plaintiff requested a permanent reduction in scheduled hours and contends that the request was permitted under provisions of the CBA. Defendants disagreed and declined to pursue a grievance regarding the request.

Plaintiff was later issued a three-day unpaid suspension. The Union filed a grievance concerning the suspension, and Plaintiff was subsequently informed that the grievance had been approved for arbitration. Plaintiff contends that the Union later abandoned the grievance without notice. Plaintiff further alleges that the Union failed to adequately represent him and that Kaiser violated provisions of the CBA.

Defendants deny liability. Defendants contend that the CBA did not entitle Plaintiff to the requested reduction in hours, that the Union acted appropriately in handling Plaintiff's grievances, and that Plaintiff's claims are barred by the applicable statute of limitations.

The parties dispute whether the CBA was violated, whether the Union breached its duty of fair representation, and when Plaintiff knew or reasonably should have known of the alleged grievance abandonment.

## 3. LEGAL ISSUES

Plaintiff alleges a hybrid claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff contends that Defendant Kaiser Foundation Health Plan, Inc. breached the Collective Bargaining Agreement ("CBA") by denying rights Plaintiff claims were guaranteed under the CBA, including matters relating to Plaintiff's request for a

CMC STATEMENT CASE NO: 3:26-cv-00018-TLT

permanent reduction in scheduled hours, that in which underlies the disciplinary actions taken against Plaintiff. Plaintiff further alleges that Defendant SEIU-UHW breached its duty of fair representation by arbitrarily and perfunctorily handling Plaintiff's grievances, including the alleged abandonment of a grievance without notice.

## 4. MOTIONS

| Party filing motion | Type of Motion | Date of Ruling (or "pending" or "to be filed") |
|---|---|---|
| Plaintiff | Request for re-service of Defendant SEIU-UHW | Granted |
| Plaintiff | Motion for time extension to complete service on Defendant SEIU-UHW | Granted |
| Plaintiff | Motion for alternative service on Defendant Union | Pending |
| Defendant Kaiser | Motion to dismiss | Pending |
| Defendant Union | Motion to dismiss | Pending |

## 8. DISCOVERY

Plaintiff anticipates seeking discovery concerning the handling of Plaintiff's grievances, communications between Defendant Kaiser and Defendant SEIU-UHW regarding those grievances, documents relating to arbitration approval and grievance withdrawal, records concerning Plaintiff's request for a permanent reduction in hours, disciplinary records, and communications relating to the Collective Bargaining Agreement and its interpretation.

CMC STATEMENT CASE NO: 3:26-cv-00018-TLT

Plaintiff also anticipates seeking discovery concerning the timing of the Union's decision to withdraw the grievance, notice provided to Plaintiff regarding that decision, and communications referenced in NLRB proceedings.

There are presently no discovery disputes because discovery has not yet commenced and Defendants' motions to dismiss remain pending.

The parties have not yet entered into any stipulations concerning electronically stored information or electronic discovery. Plaintiff is willing to confer with Defendants regarding an appropriate ESI protocol if the case proceeds beyond the pleading stage.

## 11. RELIEF

Plaintiff seeks all relief available under Section 301 of the Labor Management Relations Act and applicable federal law, including declaratory, equitable, and monetary relief. Specifically, Plaintiff seeks:

• A declaration that Defendant Kaiser Foundation Health Plan, Inc. breached the Collective Bargaining Agreement and that Defendant SEIU-UHW breached its duty of fair representation;

• Equitable and injunctive relief requiring compliance with the applicable provisions of the Collective Bargaining Agreement, including provisions governing hours of work, seniority, discipline, and grievance procedures;

• Back pay and lost compensation resulting from Defendants' alleged conduct, in an amount to be determined through discovery and proven at trial;

• Lost employment benefits, including health, retirement, and other employment-related benefits, in an amount to be determined through discovery and proven at trial;

CMC STATEMENT CASE NO: 3:26-cv-00018-TLT

• Front pay or other appropriate equitable relief in lieu of reinstatement, if warranted;

• Removal of adverse disciplinary actions from Plaintiff's personnel file and restoration of Plaintiff's eligibility for rehire, if appropriate;

• Prejudgment and post-judgment interest as allowed by law;

• Costs of suit and any attorney's fees recoverable under applicable law; and

• Such other and further relief as the Court deems just and proper.

Plaintiff's damages will be calculated based upon lost wages, lost benefits, and other compensable losses resulting from Defendants' alleged conduct. The precise amount of damages cannot presently be determined and will be the subject of discovery.

## 12. SETTLEMENT AND ADR

Resolution of the pending motions to dismiss would assist the parties in evaluating settlement. If the case proceeds, Plaintiff anticipates needing limited discovery concerning grievance records, arbitration records, communications between Defendants regarding Plaintiff's grievances, and records relating to the withdrawal of Plaintiff's grievance in order to meaningfully assess settlement.

## 14. NARROWING OF ISSUES

The parties currently have pending motions to dismiss that may resolve or narrow some of the legal issues in this case. Depending upon the Court's rulings, certain claims, defenses, or issues may be resolved through motion practice without the need for trial.

CMC STATEMENT CASE NO: 3:26-cv-00018-TLT

In addition, the parties may be able to resolve some or all issues through mediation, a settlement conference, or other alternative dispute resolution procedures following resolution of the pending motions.

At this time, Plaintiff believes that issues concerning the sufficiency of the pleadings, statute of limitations, service, and the scope of the claims may be resolved through written motions before discovery proceeds.

## 19. OTHER

Plaintiff is proceeding without counsel while maintaining employment and attending school and therefore requests reasonable flexibility regarding scheduling when practicable. Plaintiff believes that resolution of the pending motions to dismiss will significantly assist in narrowing the issues for discovery and potential settlement. Plaintiff remains willing to participate in ADR and to cooperate with Defendants and the Court to ensure the just, speedy, and inexpensive determination of this action.

CMC STATEMENT CASE NO: 3:26-cv-00018-TLT